```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CATHLEEN GILLIES,

        Plaintiff,

v.                              Case No: 2:13-cv-442-FtM-29DNF

LEE MEMORIAL HEALTH SYSTEM,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #11) filed on February 25, 2014. Plaintiff filed an Opposition to Defendant's Motion to Dismiss Complaint (Doc. #18) on March 24, 2014. This motion is now ripe for review.

Plaintiff Cathleen Gillies (Gillies) is a former employee of defendant Lee Memorial Health System (LMHS) whose employment was terminated. Plaintiff filed a three count First Amended Complaint (Complaint) which essentially alleges ten claims. Count One alleges age discrimination under the Age Discrimination in Employment Act, the Florida Human Rights Act, and the Florida common law. Count Two alleges disability/perceived disability discrimination under the Americans with Disability Act, the Florida Human Rights Act, and Florida common law. Count Three alleges retaliation in violation of the Age Discrimination in

Employment Act, the Americans with Disabilities Act, the Florida Human Rights Act, and the Florida common law. (Doc. #9.)

LMHS asserts that it is entitled to sovereign immunity, and therefore seeks to dismiss plaintiff's ADEA claims for lack of subject matter jurisdiction. (Doc. #11.) Specifically, defendant contends Lee Memorial Hospital is a political subdivision and as such, is a "sovereign" under the Eleventh Amendment to the United States Constitution, which cannot be sued in federal court. (Id. at pp. 3-4.) The Eleventh Amendment precludes suits by citizens against their own States in federal court. Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (1973); Miccosukee Tribe of Indians of Fla. v. Fla. St. Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). The Eleventh Amendment applies not only to the state, but to an agency which is an arm of the state. Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., 421 F.3d 1190, 1192 (11th Cir. 2005). "Whether an agency qualifies as an arm of the state is a federal question with a federal standard, but whether that standard is met is determined by carefully reviewing how the agency is defined by state law." Versiglio v. Bd. of Dental Examiners of Ala., 686 F.3d 1290, 1291 (11th Cir. 2012). The Eleventh Circuit Court of Appeals has recognized defendant's status as a political subdivision of the State of Florida. F.T.C. v. Hosp. Bd. of Directors of Lee Cnty., 38 F.3d 1184, 1188 (11th Cir. 1994). While sovereign immunity would preclude suit in

federal court on any claim, LMHS only seeks to dismiss the age discrimination portions of the Amended Complaint on this basis. LMHS alleges plaintiff's common law claims should be dismissed for failure to state a claim for relief.  (Doc. #11, pp. 5-6.)

In response, plaintiff seeks leave to amend to clarify her claims and perhaps add additional defendants.  Rule 15(a) of the Federal Rules of Civil Procedure requires that "leave shall be freely given when justice so requires."  Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992).  Although it seems unlikely plaintiff can plead around sovereign immunity as to LMHS, the Court will grant leave to file a Second Amended Complaint. Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #11) is **DENIED AS MOOT.** A Second Amended Complaint shall be filed within **WITHIN TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of August, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record